PANKO ARCHITECTS, INC., Lienor-Appellant,
v.
WAIAKEA VILLAS, LLC; HOTELS IN PARADISE, INC.; SIMON BEBB; BRIDGE CAPITAL (USVI), LLC; THE MORTGAGE GROUP, LLC; FRONTIER ONE, LLC; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; DOE ASSOCIATIONS 1-10; AND DOE GOVERNMENTAL UNITS 1-10, Respondents-Appellees.
No. 28815.
Intermediate Court of Appeals of Hawaii.
April 24, 2009.
On the briefs:
David F. Day, for Lienor-Appellant.
Bruce D. Voss, Michael C. Carroll (Bays Deaver Lung Rose & Holma) for Respondent-Appellee, BRIDGE CAPITAL (USVI), LLC.

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
Lienor-Appellant, Panko Architects, Inc., (Panko) timely appeals from the Final Judgment filed on September 26, 2007 (Final Judgment), in the Circuit Court of the Third Circuit (Circuit Court).[1]
This appeal arises out of a Mechanic's Lien Application (Application) filed on March 6, 2007 in the Circuit Court by architectural firm Panko which supplied professional services over a number of years to the Waiakea hotel/condominium project in Hilo (Waiakea Resort Complex). A probable cause hearing was held July 26, 2007 on Panko's Application. On August 21, 2007 the Circuit Court filed Findings of Fact (FOFs), Conclusions of Law (COLs), and an Order denying Panko's Application. The Final Judgment denied Panko's Application, ruling in favor of Defendants Waiakea Villas, LLC, Hotels in Paradise, Inc., and Simon Bebb (Clients); Bridge Capital (USVI), LLC (Appellee-Lender); The Mortgage Group, LLC; and Frontier One, LLC, and against Panko on all of Panko's claims.
Panko raises three points of error on appeal:[2]
1. The Circuit Court erred as a matter of law by failing to rule on Panko's argument that Panko was entitled to a mechanic's lien because the visible commencement of operations on the condominium conversion project predated Appellee-Lender's first mortgage;
2. The Circuit Court erred as a matter of law by "failing to excise out line items" in the contract between Panko and Clients which involve projects on another parcel of land, thereby ruling that Panko could not prove the reasonable value of its services as to the subject projects; and
3. The Circuit Court erred as a matter of law by failing to permit Panko to introduce corroborating evidence of the reasonable value of Panko's services rendered to the subject projects.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Panko's points of error as follows:
(1) Under Hawai'i's Mechanic's and Materialman's Lien statute, a lienor must establish probable cause exists to permit a lien to attach to a property before a lien can attach. See Hawaii Revised Statutes (HRS) § 507-43 (2006). A lien can attach when a person or association of persons furnishes labor or materials in the improvement of real property. HRS § 507-42 (2006). HRS § 507-43(a) also provides, in part, if the lienor's claim of entitlement to a lien is disputed, the court "shall only permit the attachment of a lien in the net amount which the court determines is the reasonable probable outcome of any dispute." Panko does not challenge, e.g., the Circuit Court's FOF #3, which states: "[Panko] failed to prove the reasonable value of materials and labor provided for both projects on the subject real property." On appeal, Panko does not identify evidence in the record supporting a finding of probable cause for a lien in any amount stemming from Panko's alleged condominium conversion work. Thus, we conclude that the Circuit Court did not err when it failed to rule on the issue of "visible commencement of operations" on the condominium conversion project.
(2) Panko identifies no legal basis for the contention that the Circuit Court was required to identify and excise out "line items" attributable to an unrelated property and no factual basis upon which the Circuit Court could have reasonably undertaken such an exercise. Indeed, Panko never requested that the Circuit Court find probable cause for a lien on this basis. Therefore, we conclude that the Circuit Court did not err when it failed to excise out line items unrelated to its claims in this case.
(3) On appeal, Panko alleges for the first time that the Circuit Court should have allowed Panko to introduce "corroborating evidence" of the reasonable value of the subject services. Having failed to present such evidence, and having failed to request leave of the Circuit Court to present such evidence, Panko's argument is without merit.
For these reasons, the Circuit Court's September 26, 2007 Final Judgment is affirmed.
NOTES
[1] The Honorable Greg Nakamura presided.
[2] Panko's brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4). The court, nevertheless, will attempt to review the issues raised by Panko.